504 S.E.2d 662

**Barry MESECHER, Appellant,**

v.

**Shirley DUDDING, Appellee.**

No. 24963.

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided July 2, 1998.

Wayne King, Clay, for Appellant.

Shirley Dudding, Pro Se.

PER CURIAM: [1]

■ This case is before this Court upon appeal of a final order of the Circuit Court of Nicholas County entered on July 26, 1996. Pursuant to that order, the circuit court granted custody of the parties' child to the appellee, Shirley Dudding. On appeal, the appellant, Barry Mesecher, contends the circuit court abused its discretion when it ordered the child returned to her mother. This Court has before it the petition for appeal [2] and all matters of record. For the reasons, set forth below, we affirm the final order of the circuit court.

## I.

This action began as a paternity proceeding which was initiated by the Child Advocate's Office shortly after the birth of the parties' child in 1988. Initially, the appellant denied paternity, but testing later revealed that he was the biological father. As a result, appellant was ordered to pay child support.

Following the paternity proceeding, the parties lived together for two years but were never married. After they separated, the child lived with the appellee. In May 1994, the parties entered into a joint custody agreement which was accepted by the trial court. Pursuant to the agreement, the appellee retained physical custody of the child and the appellant was granted visitation rights.

In August 1994, the appellee transferred physical custody of the child to the appellant. The executed agreement indicated that the appellant would have custody of the child for the 1994–1995 school year because the appellee felt she could not properly care for the child.[3] Subsequently, the appellant filed a petition for change of custody, and he was granted temporary custody of the child in October 1994. The appellee was granted visitation rights.

In October 1995, the appellee sought to regain custody of the child. A hearing was held before the family law master who recommended that the child be returned to the appellee. The family law master found that the agreement previously executed between the parties was intended to be temporary. After reviewing this recommendation, the circuit court remanded the case to the family law master to make sufficient findings of fact and conclusions of law upon which to base a review.

Thereafter, by order dated July 26, 1996, the court granted custody of the child to the appellee. The court indicated that the appellant's claim for custody was based upon his concern that the appellee was married but living with a man who was not her husband. The court determined the custody agreement executed by the parties was intended to be temporary.

## II.

■ The applicable standard of review is set forth in Syllabus Point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995):

1. We point out that a per curiam opinion *is not* legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Appellant, by counsel, filed the petition for appeal in this case. However, no brief was filed. After the time period for submitting a brief expired, appellant's counsel filed a motion to be relieved as counsel indicating that he had been discharged from further service by the appellant before the appeal was granted. This Court requested additional information in order to con-sider the motion, but no further information has been submitted. The appellee has not made an appearance in this appeal.

3. The agreement provided: "I Shirley Dudding is giving Barry Mesecher control of our daughter ... for the 1994–95 school year in which I will be able to see her on the weekends by letting him know a day ahead of time. When she gets out of school in June I will be getting control of her again."

In reviewing challenges to findings made by a family law master that were also adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

*See also* Syllabus Points 1 and 3, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995).

■ Upon review of the record, we are unable to find that the circuit court abused its discretion in this matter. Unfortunately, as we previously indicated, we have limited information regarding this case. The record from the circuit court is sparse and many of the documents therein relate to the paternity proceeding. Apparently, no transcripts were ever produced concerning the custody hearings. Although the appellant raised some concerns about the mother's fitness as a parent, the circuit court did not find that the evidence warranted granting the appellant permanent custody. We find nothing in the record to suggest that the circuit court erred in this regard. Like the circuit court, we also find that the custody agreement between the parties was temporary in nature as it only concerned the 1994–1995 school year.

■ Although we affirm the order of the circuit court, we are concerned about the current status of the child. We assume that because no stay was granted after the final order was entered, the child has been returned to the appellee's custody. In the event that the child remains in the custody of the appellant, the circuit court should devise a specific plan for gradual transition of custody to the appellee that will serve to alleviate any unnecessary trauma to the child. *See Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989). In addition, if any further proceedings are necessary in this matter, the circuit court should appoint a guardian ad litem to protect the child's interests. *See* Syllabus Point 3, *Cleo A.E. v. Rickie Gene E.*, 190 W.Va. 543, 438 S.E.2d 886 (1993).

For the reasons set forth above, the final order of the Circuit Court of Nicholas County entered on July 26, 1996 is affirmed.

Affirmed.